UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| JOSEPHUS T.Y. NYEMA, SR., | : | CIVIL ACTION NO. 05-2324 (MLC) |
|  | : |  |
| Plaintiff, | : | **MEMORANDUM OPINION** |
|  | : |  |
| v. | : |  |
|  | : |  |
| CITY OF TRENTON, | : |  |
|  | : |  |
| Defendant. | : |  |

**THIS MATTER ARISES** on the in-forma-pauperis application pursuant to 28 U.S.C. § 1915 by the plaintiff pro se, Josephus T.Y. Nyema, Sr.  This is an action against the defendant City of Trenton to recover damages for violations of Title VII, the Age Discrimination in Employment Act, and 42 U.S.C. § ("Section") 1981 ("Federal Action").  The Court will address the application before reviewing the complaint's sufficiency.  See Roman v. Jeffes, 904 F.2d 192, 194 n.1 (3d Cir. 1990).

### THE APPLICATION

Nyema appears to state he was employed last in October 2004 by the County of Mercer and received $1,200.  (App., at 1.)  But it is not clear whether this was his total income for all of 2004, or a certain pay period.  In addition, Nyema is no stranger to federal court, and has demonstrated the ability to pay the filing fee previously.  (See, e.g., Nyema v. County of Mercer, Dkt. No. 04-506 (MLC), dkt. entry no. 1 (noting fee paid).)

Nyema answered "No" to the following application query: "Do you own any real estate, stocks, bonds, securities, other financial instruments, automobiles or other valuable property?" (App., at 2.)  But Nyema appears to own a home.[1]

The Court intends to deny the application.  The Court is authorized to do so when a plaintiff fails to reveal entitlement to in-forma-pauperis relief.  See Spence v. Cmty. Life Improv., No. 03-3406, 2003 WL 21500007, at *1 (E.D. Pa. June 26, 2003); Daniels v. County of Media, No. 03-377, 2003 WL 21294910, at *1 (E.D. Pa. Feb. 6, 2003); White v. Carollo, No. 01-4553, 2001 WL 1159845, at *1 (E.D. Pa. Sept. 13, 2001).

The Court cannot determine from the application if Nyema has the financial means to pay the filing fee because his answers are incomplete and unclear.  In any event, as he has paid the filing fee previously and appears to own real estate, he is not entitled to this relief.

### THE COMPLAINT

The Court may (1) review the complaint, and (2) direct sua sponte that it not be filed if it is frivolous, or fails to state a claim on which relief may be granted.  28 U.S.C. §

---

[1]  According to Westlaw's "Asset Locator" library, Nyema (1) was conveyed a single-family townhouse at 148 Tremont Street in Trenton, New Jersey, in December 2001, and (2) is listed as the property owner by the Mercer County tax assessor as of 2004.

1915(e)(2)(B)(i)-(ii).  See Mariani v. United States, 212 F.3d 761, 769 (3d Cir. 2000).

## I.    The Counts

Nyema, in the first two counts of the three-count complaint, appears to allege the defendant's Division of Natural Resources ("DNR") violated Title VII and Section 1981 when it refused to hire him as a park ranger or security guard in 2003 and 2004. (Compl., at 2-5.)  But in the third count, which alleges an ADEA violation, Nyema seeks as relief "an appointment as Trenton Municipal Police Officer."  (Id. at 6.)

## II.   Previous Litigation

Nyema asserts:

> Defendant's misconduct against plaintiff started in 1986 and June of 1996 defendant denied plaintiff employment as a Mechanics Help; and in 1997 defendant also denied plaintiff interview and equal employment opportunity as Trenton Municipal Police Officer; a complaint was filed accordingly with the Superior Court of New Jersey Law Division but to no avail.

(Id. at 4.)  It also appears that Nyema already has a civil action pending against the defendant in New Jersey Superior Court, Mercer County, under docket number L-001306-05.[2]

---

[2]  This information was found on Westlaw's "Adverse Filings - New Jersey" library.

3

### III. Complaint Not To Be Filed

The Court is concerned that Nyema has a state action, raising the same claims presented in the Federal Action, already pending against the defendant.  A federal district court should abstain from exercising jurisdiction in an action if there are (1) state proceedings that are related and pending, (2) important state interests implicated therein, and (3) adequate opportunities to raise federal claims therein.  Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 435 (1982); Younger v. Harris, 401 U.S. 37, 43-54 (1971).  Nyema has failed to mention the pending state action in the complaint for the Federal Action.  The Court, in an excess of caution, will not allow the Federal Action to proceed.

The Court also is concerned that Nyema has already litigated the claims presented in the Federal Action against the defendant in a previous state action "to no avail."  A federal district court lacks subject matter jurisdiction over claims that were — or could have been — raised in state proceedings, where the losing party may seek review through the state appellate process and, if warranted, certiorari to the United States Supreme Court. D.C. Ct. of Apps. v. Feldman, 460 U.S. 462, 482 & n.16 (1983); Rooker v. Fid. Tr. Co., 263 U.S. 413, 415-16 (1923).  The losing party may not "seek[] what in substance would be appellate

review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights." <u>Johnson v. De Grandy</u>, 512 U.S. 997, 1005-06 (1994). Nyema, in effect, may be seeking review of a state court judgment. Thus, in an excess of caution, the Court will not allow the Federal Action to proceed for this reason as well.

The complaint concerns conduct on the part of the DNR and its failure to hire Nyema as a park ranger or security guard. But Nyema seeks appointment as a "Trenton Municipal Police Officer," which is relief seemingly unrelated to his factual recitation. The allegations presented in the complaint, when read in their entirety, are inconsistent, and thus fail to give "fair notice of what [his] claim is and the grounds upon which it rests," and thus comply with minimum pleading standards. <u>Conley v. Gibson</u>, 355 U.S. 41, 47 (1957). <u>See</u> Fed.R.Civ.P. 8(a).[3]

Nyema is no stranger to federal court, as previously noted, or to state court. This plaintiff in particular, even though he is <u>pro se</u>, should be more than familiar with the proper standards for pleadings. Thus, in an excess of caution, the Court will not allow the Federal Action to proceed for this additional reason.

---

[3] Rule 8(a) requires that a complaint contain short and plain statements of "the grounds upon which the court's jurisdiction depends" and "the claim showing that the pleader is entitled to relief." <u>See also</u> Fed.R.Civ.P. 10(b).

The Court concludes that the complaint is frivolous and fails to state a claim on which relief may be granted.  <u>See</u> 28 U.S.C. § 1915(e)(2)(B)(i)-(ii).  The Court will direct the Clerk of the Court to not file the complaint and designate the action as closed.  For good cause appearing, an appropriate order and judgment will be issued.[4]

   s/ Mary L. Cooper

**MARY L. COOPER**
United States District Judge

---

[4]  Nyema is advised that he should address each concern raised by the Court — as to both the in-forma-pauperis application and the complaint — if he seeks relief from the order and judgment under Federal Rule of Civil Procedure 60(b).

6